OLIVER H. P. CHAMPLIN AND AMELIA T. CHAMPLIN, APPELLANTS, *v.* CHARLES STODDART, RESPONDENT, IMPLEADED WITH THOMAS STODDART.

*Estoppel — when a failure to disclose, at a sale, rights claimed by one present, in the subject thereof, constitutes one — trade-mark — secret of trade — when an improper use of it will be restrained.*

APPEAL from a judgment, entered on a decision made at the Erie Special Term.

The action was brought to restrain the defendants from infringing a trade-mark and appropriating a secret of trade.

The judge by whom the cause was tried found the following facts: On or about April 15, 1875, William B. Champlin, who owned and held as a secret of trade a formula for making a certain cosmetic known by the name of "Champlin's Liquid Pearl," sold the same to Thomas Stoddart, with the exclusive right to manufacture and vend the same, for the sum of $350. On or about April 24, 1875, Thomas Stoddart and the plaintiff Oliver H. P. Champlin entered into an

agreement in writing, reciting the fact of the purchase aforesaid, and stating that the purchase-money was paid by the parties to the agreement in equal shares, and that the purchase was made for their joint benefit; and the said agreement provided for the carrying on of the business of manufacturing and vending said cosmetic by the said parties. At the time of making the said agreement the said plaintiff in fact paid to Thomas Stoddart one-half of the consideration-price of said purchase. On or about the 25th of January, 1877, by an agreement executed by the said Thomas Stoddart and the said plaintiff, their copartnership in the said cosmetic was terminated, and the said plaintiff purchased the interest of said Stoddart therein and in the formula for making the same, as a secret of trade, for the sum of $1,200. During all that period the said plaintiff carried on the business of a druggist in Buffalo, and Thomas Stoddart was a clerk in his employ from May, 1872, till the making of the last-mentioned agreement. The appellant Charles Stoddart is a brother of Thomas, and he also was in the employ of the said plaintiff from July, 1872, till about the 1st of April, 1877, most of the time as a clerk in said drug store. About the time when Thomas Stoddart purchased said formula, and after negotiations had been begun between him and the said plaintiff for the acquiring by the latter of a one-half interest in the same, and while Thomas and Charles were in the employ of the plaintiff as aforesaid, Thomas communicated the contents of said formula or recipe to Charles by exhibiting the said recipe to Charles while it was held in Thomas' hand, but no copy of the same was taken, or memorandum thereof made, by Charles, then or afterwards, and he paid nothing for the same. With that exception Thomas kept the said recipe as a secret of trade, and he sold it to the plaintiff. Charles was present when the plaintiff purchased and paid for a one-half interest in the same as above stated; he was also present at the negotiations which resulted in the subsequent agreement by which the plaintiff purchased Thomas' remaining interest, and he signed the said agreement as a witness, but he did not on either occasion or at any time disclose the fact that the contents of the said formula had been communicated to him by his brother, or that he claimed for himself the right to manufacture a cosmetic according to the said recipe. After the plaintiff made the purchase of his one-half interest, and while he and Thomas Stoddart

were carrying on as partners the manufacture of said cosmetic, Charles, as a clerk in the employ and confidence of the plaintiff, witnessed the manner of the compounding of the same according to the said recipe, and on one or two occasions, as such clerk, was allowed to and did compound the same. In June, 1877, Thomas and Charles formed a copartnership as druggists and carried on their business at Buffalo, and from that time to the commencement of this action a cosmetic has been manufactured at their store under the name of "Stoddart's Peerless Liquid," compounded after the same recipe and of the same ingredients as those used in the manufacture of "Champlin's Liquid Pearl," such ingredients being used in nearly the same proportions as in the said recipe and in the manufacture of "Champlin's Liquid Pearl;" and the said cosmetic has been labeled at said store as prepared by Charles Stoddart, chemist, but the defendant Thomas has from time to time assisted and taken part in the compounding, bottling and labeling of the same for market and shipping the same thereto; and sales of the same at wholesale and retail have been made by the said firm of Stoddart Brothers. The plaintiff Amelia T. Champlin is a partner of her co-defendant Oliver H. P. Champlin, and an equal owner with him in the rights and interests above mentioned.

The judge granted the relief asked for against the defendant Thomas by injunction and for damages, but refused it as against Charles.

The court at General Term said: "In refusing an injunction and account against the defendant Charles Stoddart we think the Special Term erred. His conduct in standing by and seeing the plaintiff purchase and pay for the recipe in question as a secret of trade, without disclosing the fact that its contents had been communicated to him, and without claiming the right to manufacture and vend the article formulated by said recipe, estops him, in equity, from setting up the communication made to him by his brother, and from deriving any right, title or advantage from such communication. The case is clearly within the doctrine of equitable estoppel as applied in the leading case of *Pickard* v. *Sears* (6 Ad. & El., 469) and other numerous decisions of a later date. A secret of trade is fully recognized in equity as property (*Jarvis* v. *Peck*, 10 Paige, 118), the disclosure of which will be restrained by injunction. (2 Story's Eq. Jur., § 952.)

" The estoppel would have concluded the appellant, even although he had acquired his knowledge of the formula, fully and exclusively, from the exhibition of the recipe to him by his brother, and not from his position as the clerk and employe of the plaintiff. And the result would have been the same if he had paid value to his brother for the communication. His silence and omission to disclose his own title to the property which the plaintiff was purchasing with his knowledge would have been a fraud which would have estopped him from setting up his title against the plaintiff.

" We are also of the opinion upon the evidence contained in the printed case, and upon an inspection and comparison of the bottles and labels used by the parties respectively, that those employed by the defendants, although not in all respects a *fac simile* of those used by the plaintiffs, yet resemble them so far as to be calculated to deceive careless and unwary purchasers, and even purchasers of ordinary care, not familiar with the original. That being the case the plaintiff is entitled to an injunction restraining the respondent as in that respect prayed in the complaint." (*Colman* v. *Crump*, 70 N. Y., 573.)

*James A. Allen*, for the appellant.

*A. G. Rice*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and BARKER, JJ., concurred.

Judgment in favor of Charles Stoddart reversed and a new trial ordered as to him, the costs as between him and the plaintiffs to abide event.